IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CATALINA GUEVARA,<br>    P.O. Box 8033<br>    Woodbridge, Virginia 22195<br><br>    **PLAINTIFF**,<br><br>v.<br><br>**CLEANNET U.S.A., INC.**,<br>    2010 Corporate Ridge, Suite 700<br>    McLean, Virginia 22102<br>Serve Registered Agent:<br>    Incorporating Services, LTD<br>    7288 Hanover Green Drive<br>    Mechanicsville, Virginia 23111<br><br>and<br><br>**CLEANNET OF BALTIMORE WASHINGTON, INC.**,<br>    2010 Corporate Ridge, Suite 700<br>    McLean, Virginia 22102<br>Serve Registered Agent:<br>    National Registered Agents, Inc. of MD<br>    351 West Camden Street<br>    Baltimore, Maryland 21201<br><br>    **DEFENDANTS.** | Case No. _____ |

## COMPLAINT

COMES NOW your Plaintiff, CATALINA GUEVARA, by counsel, and bring their complaint against Defendants, CLEANNET U.S.A., INC. and CLEANNET OF BALTIMORE WASHINGTON, INC. (collectively, "Defendants" or "CleanNet") as follows:

1

## NATURE OF ACTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay wages and overtime compensation for hours worked by Plaintiff and under the Virginia Minimum Wage Act ("VMWA") § 40.1-28.8 *et seq.* of the Code of Virginia and the Virginia Payment of Wage Law ("VPWL") § 40.1-29 of the Code of Virginia.

2. This action arises from Plaintiff's damages caused by Defendants' conversion and fraud in inducing Plaintiff to purchase a fictitious franchise, failure to pay wages due for cleaning services performed, unauthorized deductions from Plaintiff and breach of contract.

3. Defendants failed to pay Plaintiff minimum wages for all time worked in violation of the FLSA, VMWA and VPWL. Defendants failed to pay Plaintiffs wages for all hours worked over forty (40) in individual workweeks in violation of the FLSA, VMWA and VPWL. Failure to pay Plaintiff for all time worked at a rate agreed to by the Parties.

4. Defendants breached contracts, converted funds, and committed fraud by representing that certain companies existed, and by inducing Plaintiffs to pay money and sign false promissory notes while giving nothing in exchange and charging Plaintiffs additional sums.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff, Catalina Guevara resides within the Commonwealth of Virginia and within this judicial district. At all relevant times, Plaintiff has been an "employee" of Defendants as defined by the FLSA, VMWA and VPWL.

8. Defendant, CleanNet, U.S.A., Inc. ("CleanNet USA") is a corporation organized under the laws of the Commonwealth of Virginia and maintains an office at 2010 Corporate Ridge, Suite 700, McLean, Virginia, which is within this judicial district. CleanNet USA has conducted business within this judicial district. CleanNet USA has sold "franchises" to Plaintiffs requiring Plaintiffs to sign standard-form contracts. CleanNet USA is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an "enterprise" engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales of business done exceeds $500,000, exclusive of excise taxes. CleanNet USA has two or more employees that have handled goods that have moved in interstate commerce. CleanNet USA has jointly been Plaintiff's "employer" as the term is defined by the FLSA, 29 U.S.C. § 203(d), the VMWA, and the VPWL.

9. Defendant, CleanNet of Baltimore Washington, Inc. ("CleanNet BW") is a corporation organized under the laws of the State of Maryland with its principal place of business at 9861 Broken Land Parkway, Suite 208, Columbia, Maryland 21046. CleanNet BW has conducted business within this judicial district. CleanNet BW has sold "franchises" to Plaintiffs requiring Plaintiffs to sign standard-form contracts. CleanNet BW is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an "enterprise" engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales of business done exceeds $500,000,

exclusive of excise taxes. CleanNet BW has two or more employees that have handled goods that have moved in interstate commerce. CleanNet BW has jointly been Plaintiff's "employer" as the term is defined by the FLSA, 29 U.S.C. § 203(d), the VMWA, and the VPWL.

## FACTUAL ALLEGATIONS

### CleanNet Uses Unfair and Deceptive Business Practices

10. At all times alleged herein, Plaintiff has not been indebted to CleanNet.

11. CleanNet operates under unfair and deceptive business practices. CleanNet offers cleaning "franchises" to individuals, for which the individuals enter into cleaning franchise agreements with Defendants and pay thousands of dollars to Defendants.

12. In exchange for Plaintiff paying thousands of dollars and entering into a "franchise agreement" with CleanNet, CleanNet claims it will provide these individuals the opportunity to perform janitorial cleaning work for CleanNet's clients.

13. During all relevant times, CleanNet retained complete control over the "franchisees" and "franchises".

14. CleanNet, finds, determines and enters into all contracts with CleanNet cleaning customers. Plaintiff is not able to negotiate the terms of the "franchise agreement" or any of the terms with CleanNet's clients, including days of cleaning, cost of cleaning, services provided, costs of equipment and cleaning supplies, or labor costs.

15. CleanNet signed and signs all agreements with the cleaning clients, controlled and controls the relationships between CleanNet's cleaning clients and Plaintiff, the hours and work performed by the Plaintiff, and the products and services provided by the Plaintiff.

16. CleanNet determines the prices for the cleaning services offered by its cleaning workers, determines and chooses which cleaning accounts to offer to which cleaning workers, can and does remove cleaning accounts from Plaintiff and its cleaning workers, without any

4

notice and without any opportunity to remedy any issues that may exist; CleanNet determines the cleaning equipment supplies to be used, the types of regular and specialized cleaning services, the methods of operations, including the work performed, conditions of employment, managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time, and other employment records as well as centralized billing, bookkeeping, and accounting methods.

17. CleanNet requires that Plaintiff purchases cleaning products directly from them and either charges the Plaintiff or deducts the supplies from their wages. CleanNet does not allow Plaintiff to purchase cleaning supplies and products from other sources, even if Plaintiff can buy the exact products for less money.

18. Plaintiff paid ten thousand dollars ($10,000) to CleanNet for an alleged franchise of their company. Her "franchise agreement" included a five thousand dollar ($5,000) Confessed Judgment Promissory Note, in which CleanNet agreed to finance half of her franchise payment.

19. Plaintiff entered into her "franchise agreement" in March 2014.

20. Plaintiff primarily speaks Spanish and has limited fluency in English. However, the "franchise agreements" and "CleanNet USA Franchise Disclosure Document for Use in District of Coulmbia[sic], Virginia and West Virginia" are extensive documents in excess of 40 pages each, full of legal language and are available in English only.

21. Plaintiff's discussions and conversations with agents of CleanNet about the franchise agreements, documents, and terms of employment were in Spanish, but with Plaintiff's limited fluency of English, they were never able to review the documents to determine whether the oral representations provided were true and accurate representations of the documents.

5

Plaintiff has limited to no fluency in reading English and the documents were never provided to Plaintiff by CleanNet in her native and understood language of Spanish.

22. Upon information and belief, CleanNet targets and victimizes Spanish speakers and individuals with limited fluency in English.

23. CleanNet misrepresented to the Plaintiff through express misrepresentations and omissions of material fact.

24. CleanNet misrepresented to the Plaintiff that the "franchises" were franchises and profitable businesses, when in fact, Plaintiff was merely an employee of CleanNet responsible for extensive costs, insurance, and taxes that CleanNet charged or passed on to Plaintiff through CleanNet's fraudulent business practices.

25. CleanNet made false representations to Plaintiff about the availability of work and hid additional costs and expenses passed on to the Plaintiff at CleanNet's discretion.

26. CleanNet periodically and regularly removed clients from Plaintiff's work schedules without advance notice and continually, fraudulently, and wrongfully deducts excessive fees from the Plaintiff's wages for a specific job, based on invalid or disproved claims of tardiness, uncleanliness, and failures to appear at job sites, when Plaintiff performed the work as required.

27. CleanNet informed Plaintiff that she would have control over their clients, their work schedules, and their accounts, as if they are true franchisee. However, CleanNet never provides this control to the Plaintiff and maintains control over all aspects of the jobs, as outlined in this Complaint.

28. CleanNet does not allow Plaintiff to provide cleaning services for any clients who have not signed agreements directly with CleanNet, disallowing Plaintiff to obtain customers of her own choosing.

29. CleanNet further deducts money from Plaintiff's pay, when a client does not pay CleanNet or a client complains that work was not performed or preformed inadequately or the Plaintiff arrived late, whether such accusations are true or not. CleanNet does not allow Plaintiff to address these concerns or deductions and does not allow for an administrative or other remedies to allow Plaintiff the ability to retain or receive payment for deductions wrongfully taken from her.

30. Plaintiff has not received any pay from CleanNet since January 2016.

**CleanNet's Workers are Employees and Not Independent Contractors**

31. The above-paragraphs are re-alleged herein.

32. CleanNet improperly designated Plaintiff as franchise, franchisee, and independent contractor, when Plaintiff was actually CleanNet's employee.

33. At all relevant times, Plaintiff provided cleaning services to CleanNet's clients within CleanNet's usual course of business.

34. At all relevant times, CleanNet maintained and exercised complete control over the management of Plaintiff's jobs, including schedules, clients, products and services to be used and performed, and the manner in which the work was to be completed and when. CleanNet maintained that Plaintiff was not allowed to assign her work to others.

35. At all relevant times, CleanNet maintained and exercised complete control of the Plaintiff's bookkeeping and financial aspects of Plaintiff's work.

36. At all relevant times, Plaintiff performed work exclusively for CleanNet's clients and performed her work under the name of CleanNet and not her independent business, Blue Collar Maids, that CleanNet required her to obtain.

37. CleanNet's control over Plaintiff constitutes an employer and employee relationship; however, based on CleanNet's agreements and classification of Plaintiff as franchisee and independent contractor, Plaintiff never received the benefits that are appropriate and legally the right of an employee, such as tax deductions from income, full wages for all hours worked, not having to file and prepare paperwork and pay expenses of running a business, no improper deductions from pay, and more.

## CLAIMS FOR RELIEF

### COUNT I
*Fraud in the Inducement of Plaintiff*

38. The foregoing paragraphs are re-alleged herein.

39. Defendants committed actual fraud because:

   a. Defendants made false representations to Plaintiff that a franchise would be created by Plaintiff's payment of monies to Defendants;

   b. Defendants made false representations to Plaintiff that she would be an independent contractor;

   c. Defendants made the above misrepresentations intentionally and knowingly with the intent to mislead Plaintiff into paying money for an initial alleged franchise and into paying Defendants for a portion of Plaintiff's earnings from every cleaning contract performed and to charge Plaintiff for allegedly missed work;

   d. Plaintiff began working for CleanNet in reliance on Defendants' representations that Plaintiff would own her own franchise of the company; and

e. Plaintiff's reliance on Defendants' misrepresentations has resulted in damages to Plaintiff in the form of the money she has already paid to Defendants, the misappropriated management and royalty fees collected by Defendants, the charges and deductions Defendants placed against Plaintiff's pay, and the money she has expended to purchase cleaning supplies required by Defendant.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiff's favor against Defendants as to Count I as follows:

    i. Compensatory damages to Plaintiff in the aggregate amount of $7,862.00;

    ii. The cost of this action, including court costs and attorney's fees, as allowed under the Purchase Agreements and as otherwise allowable under law; and

    iii. Other relief this Court deems just and proper.

## COUNT II
*Conversion of Plaintiff's Funds*

40. Defendants have wrongfully held title to funds paid to CleanNet by Plaintiff, and continue to exercise dominion over those funds without Plaintiff's consent, thereby depriving Plaintiff of ownership and possession of those funds.

41. Defendants have withheld title and possession of those funds in violation of Plaintiff's right as owner of the funds paid to the CleanNet business for a franchise.

42. Defendants have withheld title and possession of those funds in violation of Plaintiff's right as owner of the funds paid to the CleanNet business by CleanNet's clients for work performed by Plaintiff.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiff's favor against Defendants as to Count II as follows:

    i. Compensatory damages to Plaintiff in the aggregate amount of $7,862.00;

    ii. The cost of this action, including court costs and attorney's fees, as allowed under the Purchase Agreements and as otherwise allowable under law; and

    iii. Other relief this Court deems just and proper.

## COUNT III
*Violation of the FLSA – Minimum Wages*

43. The foregoing paragraphs are re-alleged herein.

44. Defendants violated the FLSA for Defendants' failure to pay Plaintiff for all time worked, which resulted in being paid less than the federally required minimum wage.

45. Defendants violated the FLSA for Defendants' failure to pay Plaintiff at least the federal minimum wage rate for all time worked.

46. Plaintiff was directed to work and did work, but was not paid at least the federal minimum wage rate for all time worked.

47. Plaintiff was and is entitled to compensation at least at the federal minimum wage rate pursuant to the FLSA.

48. Plaintiff is entitled to recover unpaid wages for up to three (3) years prior to the filing of this suit, because Defendants' failure to pay at least the federal minimum wage rate was a willful violation of the FLSA.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiff's favor against Defendants as to Count III as follows:

 i. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiff;

 ii. Liquidated damages in the amount equal to the unpaid minimum wages;

 iii. That the Court declare the Defendants violated the FLSA;

 iv. That the Court enjoin Defendants from violating the FLSA;

 v. Reasonable attorneys' fees and costs of this action as provide by the FLSA; and

 vi. Such other and further relief as this Court deems just and proper.

## COUNT IV
*Violation of the FLSA – Overtime Wages*

49. The foregoing paragraphs are re-alleged herein.

50. Defendants violated the FLSA for Defendants' failure to pay Plaintiff time and a half her regular rate of pay for all time worked in excess of forty (40) hours in an individual work week.

51. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

52. Plaintiff was directed to work and did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to the Plaintiff's filing this lawsuit.

53. Plaintiff was not exempt from the overtime provisions of the FLSA.

54. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

55. Plaintiff was and is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit, because Defendants' violation of the FLSA was willful.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiff's favor against Defendants as to Count IV as follows:

    i. A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

    ii. Liquidated damages in the amount equal to the unpaid wages;

    iii. That the Court declare the Defendants violated the FLSA;

    iv. That the Court enjoin Defendants from violating the FLSA;

    v. Reasonable attorneys' fees and costs of this action as provide by the FLSA; and

    vi. Such other and further relief as this Court deems just and proper.

## COUNT V
*Violation of the VMWA - Minimum Wages*
*Virginia Code § 40.1-28.8*

56. The foregoing paragraphs are re-alleged herein.

57. Defendants violated the VWMA for Defendants' failure to pay Plaintiff for all time worked, which resulted in being paid less than the Virginia-mandated minimum wage.

58. Defendants violated the VWMA for Defendants' failure to pay Plaintiff at least the Virginia-mandated minimum wage rate for all time worked.

59. Plaintiff was directed to work and did work, but was not paid at least the Virginia-mandated minimum wage rate for all time worked.

60. Plaintiff was and is entitled to compensation at least at the Virginia-mandated minimum wage rate pursuant to the VWMA.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiff's favor against Defendants as to Count V as follows:

    vii. A judgment in the amount of all minimum wages due to Plaintiff;

    i. Statutory damages for Plaintiff;

    ii. That the Court declare the Defendants violated the VWMA;

    iii. That the Court enjoin Defendants from violating the VWMA;

    iv. Reasonable attorneys' fees and costs of this action as provide by VWMA; and

    v. Such other and further relief as this Court deems just and proper.

## COUNT VI
*Violation of the VPWL - Unpaid Wages*
*Virginia Code § 40.1-29*

61. The foregoing paragraphs are re-alleged herein.

62. Defendants violated the VPWL for Defendants' failure to pay Plaintiff wages earned for all time worked at the rate agreed to by the parties.

63. During the course of her employment with Defendants, Plaintiff had an agreement within the meaning of the VPWL to be compensated for all hours worked at an agreed upon rate.

64. Defendants had a practice of not paying Plaintiff all compensation at the rate agreed to by the parties, including:

13

a. Defendants failed to compensate Plaintiff work completed if the Defendants' customers did not pay Defendants; and

b. Defendants failed to provide Plaintiff with a sufficient amount of work to reach the agreed upon amount of compensation each month.

65. Plaintiff was and is entitled to be paid for all time worked at the rate agreed to by the parties.

66. Plaintiff is entitled to recover owed wages.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiff's favor against Defendants as to Count VI as follows:

i. A judgment in the amount of all back wages due to Plaintiff;

ii. Statutory damages for Plaintiff as provided by the VPWL;

iii. That the Court declare the Defendants violated the VPWL;

iv. That the Court enjoin Defendants from violating the VPWL;

v. Reasonable attorneys' fees and costs of this action as provide by VPWL; and

vi. Such other and further relief as this Court deems just and proper.

## COUNT VII
*Violation of the VPWL – Unlawful Deductions*
*Virginia Code § 40.1-29*

67. The foregoing paragraphs are re-alleged herein.

68. Defendants violated the VPWL for Defendants' practice of making unlawful deductions from Plaintiff's earned wages.

69. During the course of her employment with Defendants, Plaintiff had an agreement within the meaning of the VPWL to be compensated for all hours worked at an agreed upon rate.

14

70. Defendants had a practice of making unlawful deductions from Plaintiff's earned wages without authorization from Plaintiff. Such deductions: (a) were not required by law; (b) were not to Plaintiff's benefit; (c) were not in response to a valid wage assignment or wage deduction order; and (d) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

71. Defendants' practice of making unlawful deductions from Plaintiff.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiffs' favor against Defendants as to Count VII as follows:

vii. A judgment in the amount of all back wages due to Plaintiff;

viii. Statutory damages for Plaintiff as provided by the VPWL;

ix. That the Court declare the Defendants violated the VPWL;

x. That the Court enjoin Defendants from violating the VPWL;

xi. Reasonable attorneys' fees and costs of this action as provide by VPWL; and

xii. Such other and further relief as this Court deems just and proper.

### Count VIII
*Breach of Contract*

72. The foregoing paragraphs are re-alleged herein.

73. Plaintiff agrees that she signed a contract with CleanNet on or about March 25, 2014 and alleges a breach of contract exists.

74. CleanNet agreed to pay Plaintiff a specific amount of money for each location cleaned by Plaintiff, in accordance with each location's contract with CleanNet.

75. CleanNet improperly charged Plaintiff and improperly deducted fees from Plaintiff's pay resulting in a failure to pay Plaintiff for all of the work that she performed.

15

76. Plaintiff was damaged by CleanNet's failure to pay all amounts due to her under each location's contract.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court grant judgment in Plaintiff's favor against Defendants as to Count VIII and award her the following relief:

    i. Compensatory damages to Plaintiff in the aggregate amount of $7,862.00;

    ii. The cost of this action, including court costs and attorney's fees, as allowed under the Purchase Agreements and as otherwise allowable under law; and

    iii. Other relief this Court deems just and proper.

## JURY DEMAND

77. Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully Submitted,

CATALINA GUEVARA
By Counsel

FIRSTPOINT LAW GROUP P.C.

/s/ Katherine Martell
Katherine Martell, VSB 77027
David J. Lloyd, VSB 89359
10615 Judicial Drive, Suite 101
Fairfax, VA 22030
Tel: 703-385-6868
Fax: 703-385-7009
kmartell@firstpointlaw.com
dlloyd@firstpointlaw.com